IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM B. O'NEAL, | ) | CASE NO. 1:12CV2580 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| BENNIE KELLY, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | Doc. No. 7 |

Before the court is the motion of William B. O'Neal ("O'Neal") to withdraw his petition or, in the alternative, for the court to dismiss his petition pending exhaustion of state remedies.  Doc. No. 7.  Respondent has not yet filed an Answer/Return of Writ.  For the reasons given below, O'Neal's motion should be GRANTED.

I.

On October 13, 2004, O'Neal entered Christie's Cabaret in Brunswick, Ohio and held an employee, Tina Harrell ("Harrell"), at gunpoint.[1]   Subsequently, O'Neal exchanged fire with police and shot Harrell in the abdomen.  The police shot O'Neal twice.  Both O'Neal and Harrell survived their wounds.

The state indicted O'Neal on two counts of attempted murder, three counts of

---

[1]  The facts described in this section have been taken from the various state appellate court opinions hearing O'Neal's appeals.

kidnaping, one count of felonious assault, one count of carrying a concealed weapon, one count of illegal possession of a firearm in a liquor permit premises, and eight firearm specifications.  On May 17, 2005, O'Neal pleaded guilty to three counts of kidnaping, each with firearm specifications; two counts of felonious assault with firearm specifications; one count of carrying a concealed weapon, and one court of illegal possession of a firearm in a liquor permit premises with a firearm specification.  The trial court sentenced O'Neal to a total prison term of 13 years.  The sentence included consecutive sentences of three years for kidnaping and ten years for felonious assault with firearm specifications.

O'Neal timely appealed his sentence.  He raised a single assignment of error on appeal:

> The trial court's imposition of consecutive prison terms on appellant totaling thirteen years, based on facts other than a prior conviction, violated the federal constitutional requirements set forth in *Apprendi v. New Jersey* and *Blakely v. Washington*.

The state appellate court sustained O'Neal's assignment of error and remanded the case to the trial court for re-sentencing in accordance with *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

The trial court re-sentenced O'Neal on May 8, 2006, imposing the same sentence it had imposed upon first sentencing O'Neal.  During the sentencing hearing, O'Neal moved twice to be allowed to withdraw his guilty plea and once for the trial judge to recuse himself. The court denied all three motions.  O'Neal appealed his re-sentencing, asserting four assignments of error:

### First Assignment of Error

> In re-sentencing [Defendant] to the sentence originally imposed the Court violated [Defendant's] Due Process rights by retroactively applying the Foster decision in the instant case.

### Second Assignment of Error

The Court erred when on two separate occasions it denied [Defendant's] motion to withdraw his plea.

### Third Assignment of Error

The Court erred when it denied, on two separate occasions [Defendant's] Motions of Recusal.

### Fourth Assignment of Error

The Court erred when it relied upon the incomplete, inaccurate and erroneous information in the PSI report as part of its consideration in imposing its sentence.

The state appellate court found that because the trial court had failed to include a finding of O'Neal's guilt in the judgment entry, the trial court had failed to issue a final, appealable order. Absent such an order, the appellate court lacked jurisdiction to hear O'Neal's appeal. Consequently, the appellate court dismissed the appeal for lack of subject matter jurisdiction and urged the trial court to issue a proper judgment entry.

After the appellate court's dismissal, the trial court entered a proper judgment entry *nunc pro tunc*. O'Neal timely appealed the judgment entry, raising the same four assignments of error raised in his first challenge to his resentencing. On March 24, 2008, the state appellate court overruled O'Neal's assignments of error and affirmed the judgment of the trial court.

O'Neal filed two memoranda in support of jurisdiction in the Ohio Supreme Court appealing the state appellate court's dismissal for lack of jurisdiction and its later affirmation of the trial court's *nunc pro tunc* sentence. The Ohio Supreme Court declined jurisdiction over O'Neal's claims on September 10, 2008 and December 3, 2008.

Meanwhile, on October 31, 2007, O'Neal filed a petition for post-conviction relief pursuant to Ohio Rev. Code § 2953.21, challenging both his conviction and his sentence.  The trial court dismissed his petition as untimely.

On appeal of the trial court's denial of his petition for post-conviction relief, O'Neal raised two assignments of error:

> Assignment of Error I:  The court erred in denying [O'Neal's] petition for post-conviction relief, for failure to timely file said petition, as required by R.C. 2953.21(A)(2).

> Assignment of Error II:  The court erred in denying [O'Neal's] constitutionally guaranteed right to due process, under Article I, § 1 and § 16 of the Ohio Constitution and the Fifth and Fourteen [sic] Amendments to the United States Constitution.

On December 15, 2008, the appellate court overruled O'Neal's first assignment of error and dismissed the second as moot.

O'Neal appealed to the Ohio Supreme Court the state appellate court's affirmation of the dismissal of his petition for post-conviction relief.  On May 6, 2009, the Ohio Supreme Court declined jurisdiction over O'Neal's appeal.  O'Neal moved the court to reconsider its decision, and the court denied reconsideration on July 1, 2009.

In the meantime, O'Neal moved in the trial court on October 6, 2008 to vacate his allegedly invalid sentence, and he amended that motion on April 22, 2009.  He also moved in the trial court on April 13, 2009 and June 11, 2009 to withdraw his guilty plea. The trial court dismissed these motions on July 14, 2009.  O'Neal appealed these dismissals to the state appellate court.

O'Neal filed in this court a petition for a federal writ of habeas corpus on July 28, 2009.  *O'Neal v. Bradshaw*, Case No. 1:09-cv-1751 (N.D. Ohio) (Boyko, J.).  In his

4

petition, O'Neal raised nine grounds for relief:

> Ground one:  Conviction was obtained by ongoing prosecutorial misconduct and the unconstitutional failure of the prosecution to disclose to the defense evidence favorable to the defense (*Brady* material) which was material to guilt and/or punishment and evidence that could have been used to impeach state witnesses.

> Ground two:  Conviction obtained by a plea of guilty which was not made knowingly, voluntarily, or intelligently with complete and full understanding of the consequences and ramifications of the plea of guilty and/or the maximum punishment involved.

> Ground three:  Defendant was denied the right to a speedy trial and the right to be sentenced in a reasonable time after conviction.

> Ground four:  Defendant's appellate rights were violated by the appellate court.

> Ground five:  The sentence imposed was based, in part, on false information submitted to the trial court in the probation department's pre-sentence investigation report, pertaining to mandatory statutory sentencing considerations and factors, which caused the court to be misled.

> Ground six:  Defendant has been denied equal protection of the law and due process of the law.

> Ground seven:  The court's retroactive application of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d, which severed unconstitutional judicial fact-finding from the sentencing statutes, was a violation of due process, equal protection of the law, and *ex post facto* upon remand for sentencing.  An unreasonable application of the law.

> Ground eight:  The trial court's failure to consider a petition to vacate and set aside sentence as untimely was a violation of due process and equal protection of the law, which allows for post-conviction relief from judgment.

> Ground nine:  The court of appeals abused its discretion in denying a timely filed application to reopen appeal based on ineffective assistance of appellate counsel, in spite of the application's being in compliance with the statutory requirements and a sufficient showing that counsel's assistance was ineffective, in not submitting [sic] obvious assignments of error of the trial court, in violation of due process and equal protection of the law.

(Punctuation, italicization, capitalization, and typographical errors altered from the

original.)

5

On October 19, 2009, O'Neal amended his petition to add four additional grounds

for relief:

Ground ten:  The trial court's non-compliance with the statutory mandates and
requirements for the imposition of post-release control
a)      resulted in an unauthorized, unlawful, and as such, void sentence and
        judgment entry;
b)      the appellate court's failure to recognize the void sentence, vacate the
        void sentence, and remand for resentencing, as statutorily obligated; and
c)      the trial court's failure, upon motion, to recognize the void sentence, and
        resentence, as statutorily obligated, are individually and collectively
        violations of due process and equal protection of the law.

Ground eleven:  The trial court's unlawful and unauthorized sentence
modification
a)      increased the sentence, as handed down in open court, without
        petitioner's presence and without hearing;
b)      increased the sentence by journal entry after petitioner had commenced
        serving the sentence;
c)      the court's failure to recognize and vacate the void sentence and
        resentence, as statutorily obligated, are individually and collectively
        violations of due process and equal protection of the law.

[Ground twelve:]  The trial court's and the appellate court's failure to comply with
the statutory mandates and requirements, as well as the stated obligation to
correct a void sentence, has resulted in a state-induced impediment to timely
sentencing the petitioner and an unreasonable protracted delay in sentencing the
petitioner of over 5 years.

Ground thirteen:  The trial court's failure to correct the void sentence and issue a
final appealable order has divested petitioner of a meaningful review and a direct
appeal of the judgment of conviction.

(Punctuation, capitalization, and typographical errors altered from the original.)

On October 27, 2009, O'Neal moved for a stay of his habeas proceedings.  He

noted in his motion that he had presented claims ten through thirteen to the trial court,

but the trial court dismissed them.  Those claims, according to O'Neal, were then

pending before the state appellate court.  He asked that this court retain jurisdiction over

his habeas petition but stay the proceedings pending the exhaustion of grounds ten

6

through thirteen in state court.  O'Neal cited the procedure established in *Rhines v. Weber*, 544 U.S. 269 (2005), as authorizing stay and abeyance a case such as his. Respondent opposed O'Neal's motion, contending that the circumstances of O'Neal's case did not justify use of the procedure established in *Rhines*.

This court found that O'Neal had failed to establish good cause for his failure to present his grounds for habeas relief to the state courts before filing a habeas petition. The court found, therefore, that stay and abeyance for the exhaustion of O'Neal's claims in state court was not appropriate and denied O'Neal's motion.  Instead, the court gave O'Neal the option of (1) dismissing his petition as a mixed petition and exhausting his state claim or (2) withdrawing his unexhausted claims within 21 days of the court's order.  Order, February 2, 2010, Doc. No. 16.  O'Neal elected to withdraw his petition, and the court dismissed the petition on February 11, 2010.  Docs. No. 17, 18.

On May 5, 2010, O'Neal moved in the trial court to withdraw his guilty plea pursuant to Ohio Crim. R. 32.1.  The trial court dismissed his motion on December 1, 2010.  O'Neal does not explain the reason for the dismissal.  O'Neal appealed this decision to the Ohio Supreme Court, which declined to accept jurisdiction over the matter.[2]

On July 29, 2010, O'Neal moved in the trial court to set aside O'Neal's conviction for lack of jurisdiction and an unreasonable delay in sentencing.  The trial court dismissed O'Neal's motion on May 10, 2011.  O'Neal does not explain the reason for

---

[2] O'Neal does not indicate in his petition whether this claim or the claim filed in the trial court on July 29, 2010 was asserted in the state appellate court prior to filing a notice of appeal in the Ohio Supreme Court.

the dismissal.  O'Neal appealed this decision to the Ohio Supreme Court, which declined to accept jurisdiction over the matter.

On April 27, 2011, O'Neal applied in the trial court for post-conviction relief, asking the court to vacate his conviction or sentence.  The trial court dismissed O'Neal's application on May 10, 2011.  O'Neal does not explain the reason for the dismissal.  O'Neal did not appeal this decision to the Ohio Supreme Court.

On March 14, 2012, O'Neal moved in the trial court to correct a clerical error in the judgment of sentence against him.  The trial court dismissed this motion on March 27, 2012.  O'Neal appealed this decision and avers that the Ohio Supreme Court has accepted jurisdiction over his appeal.

O'Neal now moves to withdraw his petition or, in the alternative, for the court to dismiss his petition pending exhaustion of state remedies.  O'Neal should be mindful that federal habeas petitions do have time filing limits.  Title 28 U.S.C. § 2244(d)(1) provides a one-year period for filing a timely application for a federal writ of habeas corpus:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Thus, there is a risk that future petitions to this court could be time-barred.  O'Neal

8

should be aware that although, under some circumstances, the statutory period can be tolled, any claims filed in federal court that were not properly filed in state court or that were not presented to the state courts and to this court as federal constitutional claims will not toll the running of the one-year statutory period.

Accordingly, the court should GRANT O'Neal's motion to withdraw his petition if O'Neal does not withdraw that motion on or before January 7, 2013 and request that this court proceed only with his exhausted claims.

Date:  December 18, 2012                    /s/ Nancy A. Vecchiarelli
                                            United States Magistrate Judge

## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111.**