IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM B. O'NEAL, | ) | CASE NO. 1:12CV2580 |
| | ) | |
| Petitioner, | ) | |
| | ) | JUDGE BOYKO |
| v. | ) | |
| | ) | MAGISTRATE JUDGE VECCHIARELLI |
| BENNIE KELLY, Warden, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Respondent. | ) | |

This matter is before the magistrate judge pursuant to Local Rule 72.2.  Petitioner,

William B. O'Neal ("O'Neal"), challenges the constitutionality of his conviction in the case

of *State v. O'Neal*, Case No. 04-CR-0547 (Medina County 2008).  O'Neal filed a petition

for writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254") on October 16, 2012 in

the United States District Court for the Northern District of Ohio.  For the reasons given

below, O'Neal's petition should be denied and dismissed with prejudice.

I.

The state appellate court hearing O'Neal's second direct appeal found the following

facts to be relevant to his case.  On October 13, 2004, O'Neal entered Christie's Cabaret

in Brunswick, Ohio and held an employee, Tina Harrell ("Harrell"), at gunpoint.

Subsequently, O'Neal exchanged fire with police and shot Harrell in the abdomen.  The

police shot O'Neal twice.  Both O'Neal and Harrell survived their wounds.

The state indicted O'Neal on two counts of attempted murder, three counts of

kidnaping, one count of felonious assault, one count of carrying a concealed weapon, one

count of illegal possession of a firearm in a liquor permit premises, and eight firearm specifications.  O'Neal initially pleaded not guilty to these charges.

On May 17, 2005, O'Neal pleaded guilty to three counts of kidnaping, each with a firearm specification; two counts of felonious assault, each with a firearm specification; one count of carrying a concealed weapon; and one court of illegal possession of a firearm in a liquor permit premises, with a firearm specification.  The trial court sentenced O'Neal on July 19, 2005.  The court merged the two counts of kidnaping and merged the two counts of felonious assault.  The court then sentenced O'Neal to three years for kidnaping, ten years for felonious assault, three years for the firearm specification attached to the count of felonious assault, one year for carrying a concealed weapon, and one year for illegal possession of a firearm in a liquor premises.  The trial court ordered the sentences for kidnaping, felonious assault, and the firearm specification to run consecutively to one another.  The court also ordered the remaining sentences to run concurrently with one another and concurrently with the consecutive sentences.  Thus, the court sentenced O'Neal to a total term of incarceration of 13 years.

*A.*    *Direct appeal*

O'Neal timely appealed his sentence.  He raised a single assignment of error on appeal:

> The trial court's imposition of consecutive prison terms on appellant totaling thirteen years, based on facts other than a prior conviction, violated the federal constitutional requirements set forth in *Apprendi v. New Jersey* and *Blakely v. Washington*.

On April 19, 2006, the state appellate court sustained O'Neal's assignment of error and remanded the case to the trial court for re-sentencing in accordance with *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

2

The trial court held a sentencing hearing, and it entered a judgment re-sentencing O'Neal on May 8, 2006.  The judgment entry imposed the same sentence that had been imposed when the trial court first sentenced O'Neal.  During the sentencing hearing, O'Neal moved twice to be allowed to withdraw his guilty plea, and the court denied these motions. In addition, as the state appellate court found, the trial court mis-spoke when describing O'Neal's sentence at the conclusion of the hearing.  The court properly stated that the 7-year term of imprisonment for felonious assault and the 3-year term for the firearm specification were to be served consecutively and that the total term of imprisonment was thirteen years.  But the court erred in stating that the 3-year term for kidnaping would be served concurrently with the other two sentences.  The judgment entry indicates the 3-year sentence for kidnaping would be served consecutively to the other two sentences.

O'Neal appealed his re-sentencing, asserting the following four assignments of error:

### First Assignment of Error

In re-sentencing the Defendant to the sentence originally imposed the Court violated the Defendant's Due Process rights by retroactively applying the Foster decision in the instant case.

### Second Assignment of Error

The Court erred when on two separate occasions it denied [Defendant's] motion to withdraw his plea.

### Third Assignment of Error

The Court erred when it denied, on two separate occasions [Defendant's] Motions of Recusal.

### Fourth Assignment of Error

The Court erred when it relied upon the incomplete, inaccurate and erroneous information in the PSI report as part of its consideration in imposing its sentence.

3

The state appellate court found that because the trial court had failed to include a finding of O'Neal's guilt in the judgment entry, the trial court had failed to issue a final, appealable order.  Absent such an order, the appellate court lacked jurisdiction to hear O'Neal's appeal.  Consequently, the appellate court dismissed the appeal for lack of subject matter jurisdiction and urged the trial court to issue a proper judgment entry.

After the appellate court's dismissal, the trial court entered a proper judgment entry *nunc pro tunc*, again imposing the sentence it had imposed in its previous judgment entry.  O'Neal timely appealed the *nunc pro tunc* judgment entry, raising the same assignments of error previously raised in his appellate brief.  On March 24, 2008, the state appellate court overruled O'Neal's assignments of error and affirmed the judgment of the trial court.  In its decision, the appellate court held, *inter alia*, that when a case is remanded for re-sentencing, the trial court lacks jurisdiction to do anything other than re-sentence the defendant.

O'Neal filed two memoranda in support of jurisdiction in the Ohio Supreme Court, one appealing the state appellate court's dismissal for lack of jurisdiction and the other appealing the appellate court's affirmation of the trial court's *nunc pro tunc* sentence.  O'Neal raised three propositions of law in his appeal of the state court's affirmation of the trial court's *nunc pro tunc* sentence:

> Proposition of Law #1:  On remand for resentencing, under the *Foster* decision, the imposition of the original sentence of more than the "statutory maximum, as the minimum in the statutory range for a first time offender and consecutive terms is [sic] an unreasonable application of Federal law that violates the *Ex Post Facto* Clause and due process.
>
> Proposition of Law #2:  A sentence founded, at least in part, upon false information of criminal records which are materially untrue is a sentence contrary to law and in violation of due process rights.

4

> Proposition of Law #3:  A sentence founded, at least in part, upon mandatory statutory considerations and factors is a sentence consistent with the information provided to the court . . . [and] used in the consideration and weighing of the factors, if false, . . . would be contrary to law and a violation of due process Rights.

(Capitalization, punctuation, and emphasis altered from the original.)  The Ohio Supreme Court declined jurisdiction over O'Neal's appeals on September 10, 2008.

B.      *Application to reopen direct appeal*

On June 11, 2008, O'Neal filed an application to reopen his direct appeal pursuant to Ohio App. R. 26(B).  O'Neal asserted that appellate counsel erred by failing to raise the following claims on appeal:

> Proposed Assignment of Error No. 1:
>
> > The trial court erred and violated appellant's right to due process of law by journalizing an entry that stated the 7 year term for felonious assault and the 3 year term for kidnapping[1] were to be served consecutively, which added three years to the appellant's sentence, when the trial court pronounced in open court the terms were to be served concurrently.
>
> Proposed Assignment of Error No. 2:
>
> > The trial court erred when it imposed the 3 and 7 year terms for the kidnapping and felonious assault charges, to run consecutively when defendant-appellant was not present, as required by the mandates of Crim.R. 43(A), in violation of defendant-appellant's due process rights.

(Capitalization altered from the original.)  On August 6, 2008, the state appellate court found that O'Neal had failed to assert error by appellate counsel and had, instead, solely asserted error by trial counsel.  As alleged error by trial counsel was not a cognizable reason to reopen a direct appeal, the state appellate court denied O'Neal's application.  O'Neal moved for reconsideration, pointing out that the text of his

---

[1]  In Ohio legal documents, "kidnaping" is spelled "kidnapping."

5

application had framed the captioned errors of trial counsel as claims that appellate

counsel was ineffective for failing to raise on appeal.  In denying O'Neal's motion, the

state appellate asserted that "[O'Neal's] application for reopening was not considered

on the merits . . . because [O'Neal] assigned error to the trial court in his *captioned*

assignments of error."  Journal Entry, September 8, 2008, Answer, Exh. 37, p. 1

(emphasis added).  The appellate court did not cite any procedural rule requiring that

the assignments of error in an application for reopening be captioned as errors of

appellate counsel.

O'Neal timely filed a notice of appeal of the state appellate court's decision to the

Ohio Supreme Court.  In his memorandum in support of jurisdiction, O'Neal asserted

three propositions of law:

> Proposition of Law No. 1:  The appellate court erred and abused its discretion in denying appellant's application under App.R. 26(B) and determining application was procedurally deficient for not stating the basis of the claim, in violation of due process.

> Proposition of Law No. 2:  The appellate court erred and abused its discretion in not taking notice of "obvious" deviations from legal rules that caused a defect in the sentencing proceeding (i.e. plain error), which are apparent, as set forth in the application, and the basis for counsel's ineffectiveness, which has resulted in Appellant's constitutional right to due process and a speedy trial being violated.

> Proposition of Law No. 3:  Appellate court erred and abused its discretion in denying the application to reopen under Crim.R. 26(B) [sic], in its failure to review application on its merits, which set forth a genuine issue of ineffective assistance of counsel on appeal, in violation of due process, speedy trial and equal protection of law.

(Capitalization altered from the original.)  On December 3, 2008, the Ohio Supreme

Court dismissed O'Neal's appeal as not involving any substantial constitutional

question.

6

C.    *Motions for postconviction relief and to withdraw guilty plea*

On March 7, 2006, O'Neal petitioned the trial court for postconviction relief

pursuant to Ohio Rev. Code § 2953.21.  In his petition, O'Neal asserted seven grounds

for relief:

### Claim Number One

Violations of 5th and 14th U.S. Constitutional Amendments and Article [sic] I § 2
and 16, by prosecutorial misconduct. (Art. I, Ohio Const.)

Prosecutor failed to turn over exculpatory evidence and statements in discovery.

### Claim Number Two

Prosecutorial misconduct in violation of 5th and 14th U.S. Const. Amends. and
Article I, § 2 and 16, Ohio Const.

Prosecutor knowingly failed to correct inaccurate information provided to court
contrary to ABA professional standards, 3-62a; 3-62b, when contradictory
evidence was in his possession.

### Claim Number Three

Misconduct in violation of 5th and 14th U.S. Const. Amends. and Article I, § 2
and 16, Ohio Const.

County probation department submitted false information to court when
contradicting [sic] information was in their possession.

### Claim Number Four

Ineffective counsel in violation of U.S. Const. Amend. 5th, 6th and 14th and
Article I, § 2, 10 and 16, Ohio Const.

Counsel failed to investigate evidence and witnesses provided by defendant.

### Claim Number Five

Ineffective assistance of counsel, same as above.

Defense counsel failed to discover incident reports, witness and police
statements taken day of incidnet [sic] and failed to discover sheriff report and

7

results of their police shooting investigation.

Claim Number Six

Ineffective assistance of counsel, same as above.

Counsel failed to demand discovery of victim's clothing and GSR of same.

Claim Number Seven

Prosecutorial misconduct in violation of the 5th and 14th U.S. Const. Amends., Article I, § 2 and 16 of Ohio Const.

Prosecutor, contrary to ABA Professional Standards, charged defendant with attempted murder when he didn't believe he could convict the defendant of these charges, in an attempt to secure a conviction or guilty plea.

(Punctuation altered from the original.)  On June 7, 2007, the trial court found that O'Neal could raise the seven asserted claims in his then-pending direct appeal.  The court concluded that as postconviction relief is available only where there is no adequate trial or appellate remedy, O'Neal was not entitled to postconviction relief or a hearing on his grounds for relief.  O'Neal did not appeal this decision.

On June 14, 2006, O'Neal again moved to withdraw his guilty plea.  The trial court did not rule on that motion.[2]

On October 31, 2007, O'Neal again filed in the trial court a petition for postconviction relief.  O'Neal asserted three grounds for relief:

---

[2]  The state appellate court had earlier made clear that the trial court had no jurisdiction to consider motions when O'Neal's case had been remanded merely for re-sentencing.  The March 24, 2008 opinion of the state appellate court, issued in response to O'Neal's direct appeal of the trial court's *nunc pro tunc* sentencing entry, found that when a case is remanded to the trial court for re-sentencing, the trial court lacks jurisdiction to take any action other than re-sentence the defendant.

8

### Claim Number One

Defendant-petitioner's constitutionally guaranteed right to due process, under Article I, §1 & §16 of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, has been violated by the Medina County Prosecutor, by and through the non-compliance with a lawful discovery request for exculpatory, mitigating and impeachment evidence, which is favorable to the defendant-petitioner and material to guilt and/or punishment (Brady material), in Case No. 04CR0547 and by and through the continued non-compliance, with the request, contrary to the Ohio Crim.R. 16(D) and Fed.Crim.R. 16(c).

### Claim Number Two

Defendant-petitioner's constitutionally guaranteed right to the assistance of counsel, under Article I, §1 & §10 of the Ohio Constitution and the Sixth Amendment to the United States Constitution, has been violated by the Medina County Prosecutor, by and through the non-compliance and misrepresentation in response to a lawful discovery request for exculpatory, mitigating and impeachment evidence which is favorable to the defendant-petitioner (Brady material) and the misleading response that such material did not exist in Case No. 04CR0547, resulting in the deception of the court and the defense.

### Claim Number Three

Defendant-petitioner's constitutionality guaranteed rights of due process and equal protection of the law, under Article I, §1, §2 & §16 of the Ohio Constitution and the Fifth and Fourteenth Amendment [sic] to the United States Constitution, has [sic] been violated by and through the misconduct of the Medina County Prosecutor, by and through the failure to correct false evidence and allowing the presentation of the false evidence to the court, resulting in the deception of the court.

(Punctuation and capitalization altered from the original.)  On March 25, 2008, the trial court found that the petition was untimely and that O'Neal had failed to show cause to excuse his untimeliness.  The trial court, therefore, denied the petition.

O'Neal timely appealed the trial court's denial of his petition for postconviction relief to the state appellate court.  O'Neal's appellate brief asserted two assignments of error:

9

First Assignment of Error

> The trial court erred in denying appellant's petition for post-conviction relief
> for failure to timely file said petition, as required by R.C. 2953.21(A)(2).

Second Assignment of Error

> The trial court erred in denying Appellant's constitutionally guaranteed
> right to due process, under Article I, §1 and §16 of the Ohio Constitution
> and the Fifth and Fourteenth Amendments to the United States
> Constitution by denial of his post-conviction application.

(Capitalization altered from the original.)  On December 15, 2008, the appellate court

overruled O'Neal's assignments of error and affirmed the judgment of the trial court.

O'Neal timely filed in the Ohio Supreme Court a notice of appeal of the state

appellate court's decision.  In his memorandum in support of jurisdiction, O'Neal

asserted two propositions of law:

> Proposition of Law No. I:  When a trial court's original judgment is vacated,
> collateral challenges must be filed within the statute of limitations for the
> subsequent, valid judgment.

> Proposition of Law No. II:  The trial court should have granted Mr. O'Neal's timely
> post-conviction petition.

On May 6, 2009, the Ohio Supreme Court denied leave to appeal and dismissed

O'Neal's appeal as not involving any substantial constitutional question.  O'Neal moved

for reconsideration of the denial of his first proposition of law, and the Ohio Supreme

Court denied this motion on July 1, 2009.

O'Neal moved in the trial court on June 11, 2008 and March 24, 2009 to withdraw

his guilty plea.  He moved to withdraw these motions on April 13, 2009.  O'Neal also

moved in the trial court on October 6, 2008 to vacate his allegedly invalid sentence, and

he amended that motion on April 22, 2009.  The trial court dismissed all of O'Neal's

10

motions on July 14, 2009, finding, *inter alia*, that the motion to invalidate his sentence was an untimely petition for postconviction relief and that the amended motion was without merit.

O'Neal timely appealed the dismissal of his motion to invalidate his sentence to the state appellate court.  In his appellate brief, he asserted a single assignment of error:

> The trial court erred by dismissing defendant-appellant's motions to invalidate his new sentence, where the trial court incorrectly stated at defendant-appellant's resentencing hearing and in the sentencing judgment entry, that post-release control was for a discretionary period of "up to five years" contrary to the provisions of R.C. 2967.28.

On May 13, 2010, the state appellate court found that the trial court's *nunc pro tunc* sentencing of O'Neal erred in the term of post-release control imposed.  The court, therefore, sustained O'Neal's assignment of error and remanded the case to the trial court for re-sentencing with respect to the term of post-release control.

The state appealed the appellate court's decision to the Ohio Supreme Court, which declined jurisdiction to hear the case.  The state moved for reconsideration, and the Ohio Supreme Court denied the motion.

D.     *First federal habeas petition*

On July 28, 2009, while his state appeal of the dismissal of his motions to withdraw his guilty plea and vacate his sentence were still pending, O'Neal filed in this court a petition for a federal writ of habeas corpus.  *O'Neal v. Bradshaw*, Case No. 1:09-cv-1751 (N.D. Ohio) (Boyko, J.).  In his petition, O'Neal raised nine grounds for relief:

> Ground one:  Conviction was obtained by ongoing prosecutorial misconduct and the unconstitutional failure of the prosecution to disclose to the defense evidence favorable to the defense (*Brady* material) which was material to guilt and/or

11

punishment and evidence that could have been used to impeach state witnesses.

Ground two:  Conviction obtained by a plea of guilty which was not made knowingly, voluntarily, or intelligently with complete and full understanding of the consequences and ramifications of the plea of guilty and/or the maximum punishment involved.

Ground three:  Defendant was denied the right to a speedy trial and the right to be sentenced in a reasonable time after conviction.

Ground four:  Defendant's appellate rights were violated by the appellate court.

Ground five:  The sentence imposed was based, in part, on false information submitted to the trial court in the probation department's pre-sentence investigation report, pertaining to mandatory statutory sentencing considerations and factors, which caused the court to be misled.

Ground six:  Defendant has been denied equal protection of the law and due process of the law.

Ground seven:  The court's retroactive application of the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St. 3d 1, which severed unconstitutional judicial fact-finding from the sentencing statutes, was a violation of due process, equal protection of the law, and *ex post facto*, upon remand for re-sentencing. An unreasonable application of the law.

Ground eight:  The trial court's failure to consider a petition to vacate and set aside sentence as untimely was a violation of due process and equal protection of the law which allows for post-conviction relief from judgment.

Ground nine:  The court of appeals abused its discretion in denying a timely filed application to reopen appeal based on ineffective assistance of appellate counsel, in spite of the application's being in compliance with the statutory requirements and a sufficient showing that counsel's assistance was ineffective, in not submitting [sic] obvious assignments of error of the trial court, in violation of due process and equal protection of the law.

(Punctuation, italics, capitalization, and typographical errors altered from the original.)

On October 19, 2009, O'Neal amended his petition to add four additional grounds

for relief:

Ground ten:  The trial court's non-compliance with the statutory mandates and requirements for the imposition of post-release control

12

    a)      resulted in an unauthorized, unlawful, and as such, void sentence and judgment entry;

    b)      the appellate court's failure to recognize the void sentence, vacate the void sentence, and remand for resentencing, as statutorily obligated; and

    c)      the trial court's failure, upon motion, to recognize the void sentence, and resentence, as statutorily obligated, are individually and collectively violations of due process and equal protection of the law.

Ground eleven:  The trial court's unlawful and unauthorized sentence modification

    a)      increased the sentence, as handed down in open court, without petitioner's presence and without hearing;

    b)      increased the sentence by journal entry after petitioner had commenced serving the sentence;

    c)      the court's failure to recognize and vacate the void sentence and resentence, as statutorily obligated, are individually and collectively violations of due process and equal protection of the law.

[Ground twelve:]  The trial court's and the appellate court's failure to comply with the statutory mandates and requirements, as well as the stated obligation to correct a void sentence, has resulted in a state-induced impediment to timely sentencing the petitioner and an unreasonable protracted delay in sentencing the petitioner of over 5 years.

Ground thirteen:  The trial court's failure to correct the void sentence and issue a final appealable order has divested petitioner of a meaningful review and a direct appeal of the judgment of conviction.

(Punctuation, capitalization, and typographical errors altered from the original.)

On October 27, 2009, O'Neal moved for a stay of his habeas proceedings to permit O'Neal to exhaust those claims that were still pending in state court.  The habeas court found that O'Neal had failed to establish good cause for his failure to present his grounds for habeas relief to the state courts before filing a habeas petition and denied his motion for a stay.  Rather than proceed with his unexhausted claims, O'Neal moved to withdraw his petition, and the court dismissed his petition on February 11, 2010.

E.    *Additional motions to vacate and withdraw guilty plea*

On April 13, 2010, O'Neal filed in the trial court a *pro se* motion to vacate the

sentence journalized on July 19, 2005, contending that the trial court's errors in notifying him of a mandatory term of postrelease control voided the sentence.

On May 5, 2010, O'Neal filed in the trial court a *pro se* motion to withdraw his guilty plea, alleging the trial court's failure to comply with state procedural rules and prosecutorial misconduct prevented his plea from being knowing and intelligent.  O'Neal asserted the following claims in his motion:

First Issue Presented

> A motion to withdraw guilty plea subsequent to a vacated void sentence, but prior to resentencing on remand, must be considered under the liberal standard of a presentence motion.  See *State v Xie*, 62 Ohio St.3d 521, 584 N.E.2d 715.  Or after sentencing to correct manifest injustice.  See Crim.R. 32.1.

Second Issue Presented

> A plea of guilty is not knowingly, intelligently, and voluntarily made when, during the trial court's plea colloquy, it fails to comply with the requirements of Crim.R.11 and R.C. §2943.032 in violation of both the Ohio and United States Constitution's right to due process and equal protection of the law.

Third Issue Presented

> Subsequent to a lawful request for discovery, the prosecution's failure to disclose "Brady" material to the defense would require, upon motion to withdraw guilty plea, a reviewing court to vacate a guilty plea and remand the cause, when said motion disputes the nature of the plea.

Fourth Issue Presented

> The prosecution's misleading and inaccurate representation that the "Brady" material did not exist has resulted in a state-induce[d] impediment to the effective assistance of defense counsel that has adversely and prejudicially impacted counsel's advice, assistance, and decision making (i.e. plea recommendation and plea agreement), as well as, any investigation into guilt, degree of guilt, potential defenses, preparation and strategies.

14

(Capitalization and punctuation altered from the original).  On the same day, O'Neal,
through counsel, filed a separate motion to withdraw his guilty plea.  In this motion,
O'Neal asserted two claims:

> 1)  Mr. O'Neal has never been properly sentenced to a non-void sentence,
>     and his instant motion must therefore be treated as a pre-sentence motion
>     to withdraw his guilty plea.
>
> 2)  Mr. O'Neal seeks to withdraw his guilty plea based on constitutional
>     grounds of actual innocence, due process error in the Crim.R. 11 plea
>     colloquy and due process *Brady v. Maryland* discovery violations.

On May 14, 2010, the trial court deferred a decision on O'Neal's motions to withdraw his
guilty plea pending the outcome of the Ohio Supreme Court's adjudication of the state's
appeal of the state appellate court's decision vacating O'Neal's *nunc pro tunc* sentence.

On July 29, 2010, O'Neal moved in the trial court to dismiss his case for lack of
jurisdiction.  O'Neal argued that protracted and unreasonable delay had divested the
court of jurisdiction to hear his case.  On August 3, 2010, the trial court found that the
pending appeal precluded the court from acting on the motion but nevertheless denied
the motion.

On October 18, 2010, O'Neal, through counsel, again moved in the trial court to
dismiss his case for lack of jurisdiction, again citing delay as divesting the court of
jurisdiction.

On November 29, 2010, the trial court held a re-sentencing hearing.  On
December 1, 2010, the trial court denied O'Neal's pending motions and re-sentenced
him to the same 13-year sentence he had received previously.

O'Neal filed a timely notice of appeal of his November 29, 2010 re-sentencing to
the state appellate court.  In his appellate brief, O'Neal asserted four assignments of

error:

### Assignment of Error One

The trial court erred in failing to treat kidnapping as an allied offense of felonious assault.

### Assignment of Error Two

The trial court erred in not allowing the defendant to withdraw his guilty plea.

### Assignment of Error Three

The trial court erred in failing to dismiss the case due to the unreasonable delay in imposing a valid (non-void) sentence, thus divesting itself of jurisdiction.

### Assignment of Error Four

Appellant was denied his constitutional right to the effective assistance of counsel.

(Capitalization altered from the original.)

On February 6, 2012, the state appellate court overruled O'Neal's assignments of error.  The court also noted that it had remanded the case solely for the purpose of requiring the trial court to impose post-release control properly.  The appellate court then added, "To the extent the trial court's judgment entry attempted to do anything other than properly impose post-release control, . . . it is vacated, and Mr. O'Neal's previous sentence is reinstated."  Decision and Journal Entry, February 6, 2012, Answer, Exh. 101, p. 6.

O'Neal timely appealed the judgment of the appellate court to the Ohio Supreme Court.  In his memorandum in support of jurisdiction, O'Neal asserted four propositions of law:

16

Proposition of Law No. I:

Under *Special Prosecutors*, as explained in *State v. Davis*, 131 Ohio St.3d 1, 2011-Ohio-5028, an appellate affirmance does not automatically deprive a trial court of jurisdiction to vacate a guilty plea properly filed under Crim.R. 32.1.

Proposition of Law No. II:

An intervening decision of this Court is an exception to the law-of-the-case doctrine.

Proposition of Law No. III:

The law of the case requires a trial court to follow an order of a court of appeals even if that order would have been overturned had a party appealed the decision to this Court. (Presented in the alternative to Proposition of Law No. II)

Proposition of Law No. IV:

The trial court should have granted Mr. O'Neal's motion to withdraw his guilty plea.

On June 6, 2012, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question.

*F.    Additional state filings*

On April 27, 2011, O'Neal filed in the trial court a third petition for post-conviction relief. O'Neal asserted five assignments of error in his brief in support of his petition for post-conviction relief:

Claim Number One

Trial counsel was ineffective when he failed to submit to the court in support of defendant's motion to withdraw guilty plea evidentiary documentation which would establish "manifest injustice" in the form of a deficient plea colloquy and ongoing continuous "Brady" violations by the state.

17

<u>Claim Number Two</u>

Counsel was ineffective and denied petitioner the constitutional rights of due process, equal protection of the law, and adequate counsel, fialed [sic] to present to the court the "plain error" which existed where the sentence imposed in open court was greater than and different from the sentence that was journalized outside of petitioner's presence.

<u>Claim Number Three</u>

Trial counsel was ineffective and denied petitioner his constitutional rights of due process, equal protection of the law and effective assistance of counsel, when he failed to challenge the reclassification of a motion to correct a void sentence as a motion of post-conviction relief, which was dismissed without consideration of the merits.

<u>Claim Number Four</u>

Petitioner's constitutional rights of due process, equal protection of the law have been continuously violated by and through the non-compliance with a lawful discovery request by the prosecution.  The material withheld is "Brady" material which is material to guilt, punishment (sentence), or could be used to impeach state witnesses.

<u>Claim Number Five</u>

Petitioner's right to effective assistance of counsel was denied by and through the prosecution's misrepresentation the "Brady" material did not exist and ongoing and continuous denials.

(Capitalization and punctuation altered from the original).  The trial court denied this petition for lack of jurisdiction on May 10, 2011.

On March 14, 2012, O'Neal moved in the trial court to correct a clerical error in the judgment of sentence against him.  O'Neal claimed that the sentencing entry ordered the sentences for kidnaping and felonious assault to run consecutively while the court had ordered the sentences to run concurrently at the hearing.  The trial court dismissed this motion, noting that the February 6, 2012 decision of the state appellate court gave it jurisdiction over O'Neal's case only to impose post-release control.

18

O'Neal timely appealed the trial court's decision.  He asserted a single assignment of error on appeal:

> The trial court erred in not correcting a clerical error, apparent from the record, that erroneously recorded the terms of a sentence were to be served consecutively and not concurrently as ordered by the trial court at the June 9, 2006 resentencing hearing in Case No. 04CR0547, as authorized under Crim.R. 36(A).  The trial court's failure to correct the error has violated the defendant's constitutional rights under both the United States and Ohio Constitutions to due process, equal protection of the law, and the protection against double jeopardy.

(Capitalization altered from the original.)  On December 5, 2012, the state appellate court overruled O'Neal's assignment of error and affirmed the judgment of the trial court. O'Neal moved in the appellate court to certify a conflict between the court's decision and those of other state appellate court's.  The appellate court denied this motion as failing to specify with specificity the proposition of law to be certified.  There is no indication in the record whether O'Neal has filed a notice of appeal of this decision to the Ohio Supreme Court.

*G.*  *Current habeas petition*

On October 16, 2012, O'Neal filed in this court a petition for a federal writ of habeas corpus.  O'Neal asserted five grounds for relief in his habeas petition:

> **GROUND ONE**:  Trial court erred and petitioner was prejudiced when the court:
> (1) journalized a sentence, other than the sentence handed down in open court
> (2) modified and effectively increased, by judgment entry, the sentence handed down in open court absent petitioner's presence;
> (3) modified and effectively increased, by judgment entry, the sentence handed down in open court after petitioner had begun serving the sentence;
> (4) allowed the State of Ohio to unjustly and unfairly benefit from a failure to properly record the sentence handed down in open court for the record when the state was solely responsible for said error;
> (5) failed to construe the inconsistency, in the judgment of sentence, that differs from the trial court's oral pronouncement, most favorably to the

19

petitioner;

in violation of petitioner's constitutional protection from double jeopardy, due process and equal protection of the law, under the United States and Ohio Constitutions.

**GROUND TWO**:  Appellate counsel was ineffective, on Appeal No. 07CA0050-M, when he failed to raise, as assignment of error that:

The trial court erred when it journalized a sentence, of consecutive terms that was not the sentence handed down in open court of concurrent terms, resulting in the following prejudice to the Petitioner:

(1) journalized a sentence, other than the sentence handed down in open court;

(2) modified and effectively increased, by judgment entry, the sentence handed down in open court absent petitioner's presence;

(3) modified and effectively increased, by judgment entry, the sentence handed down in open court after petitioner had begun serving the sentence;

(4) allowed the State of Ohio to unjustly and unfairly benefit from a failure to properly record the sentence handed down in open court for the record when the state was solely responsible for said error;

(5) failed to construe the inconsistency, in the judgment of sentence, that differs from the trial court's oral pronouncement, most favorably to the petitioner;

in violation of petitioner's constitutional protection from double jeopardy, due process and equal protection of the law, under the United States and Ohio Constitutions.

**GROUND THREE**:  Appellate court erred in dismissing petitioner's application to reopen based upon the following alleged non-compliance with Ohio Appellate Rule of Procedure 26(B):

(1) "a motion for reopening must be based on a claim of ineffective assistance of appellate counsel";

(2) "not arguing that appellate counsel was ineffective, only that the trial court erred"; and

(3) "a claim of trial error is not a proper basis for an application for reopening",

in violation of Petitioner's constitutional right to effective assistance of counsel, due process and equal protection of the law, under the United States and Ohio Constitutions.

**GROUND FOUR**:  Appellate court erred in dismissing petitioner's application to reopen based upon an enlargement of a procedural rule, where said enlargement had never been firmly established and regularly or consistently followed and was therefore not adequate.

**GROUND FIVE**:  Appellate court erred in dismissing petitioner's application to reopen where a fair reading of the application and obvious legal conclusions from that reading, clearly shows the substance of the claim of ineffective assistance of appellate counsel for a failure to raise the proposed assignments of error of the trial court on appeal and compliance with the rules of procedure.

On December 13, 2012, O'Neal moved to withdraw his petition or, in the alternative, for the court to dismiss his petition pending exhaustion of state remedies.  Doc. No. 7.  He withdrew this motion on January 2, 2013 and asked the court to proceed only with the exhausted claims in his petition.  Doc. No. 11.  Respondent filed an Answer/Return of Writ on December 31, 2012.  Doc. No. 9.  O'Neal filed a Traverse on January 10, 2013.  Thus, the petition is ready for review.

II

*A.  Jurisdiction*

The Court of Common Pleas of Medina County, Ohio sentenced O'Neal.  O'Neal filed his writ of habeas corpus in the Northern District of Ohio and raises claims regarding the constitutionality of his incarceration under 28 U.S.C. § 2254.

Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. . . . Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(a ) & (d).  Medina County is within this court's geographic jurisdiction.  This court has jurisdiction over O'Neal's petition.

Respondent contends, however, that O'Neal's third through fifth grounds for relief are not cognizable by a habeas court because they allege constitutional errors in state

21

post-conviction proceedings.  O'Neal does not respond to this contention.

It is well-settled law in the Sixth Circuit that errors in post-conviction proceedings are outside the scope of federal habeas review.  *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker,* 316 F.3d 557, 571 (6th Cir. 2002); *Kirby v. Dutton,* 794 F.2d 245, 246-47 (6th Cir.1986).  "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.'"  *Cress*, 484 F.3d at 853 (quoting *Kirby,* 794 F.2d at 246).  A finding of constitutional error in state collateral proceedings would not provide habeas relief because it would not result in the petitioner's release, a reduction in time served, or in any way affect his detention.  *Cress*, 484 F.3d at 853 (citing *Kirby,* 794 F.2d at 247).  Consequently, "error committed during state post-conviction proceedings can not [*sic* ] provide a basis for federal habeas relief."  *Cress*, 484 F.3d at 853 (quoting *Alley v. Bell,* 307 F.3d 380, 387 (6th Cir. 2002) (interpolation by the quoting court)).

In the present case, O'Neal alleges constitutional error during the state appellate court's adjudication of his application to reopen his direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B) ("R. 26(B)").  An application to reopen a direct appeal pursuant to R. 26(B) is not part of the direct appeal process and is a form of collateral review.  *Morgan v. Eads*, 104 Ohio St.3d 142, 818 N.E.2d 1157, 1158 (2004).  Thus, alleged procedural errors in the adjudication of a R. 26(B) motion are not cognizable in habeas proceedings.  For this reason, O'Neal's third through fifth grounds for relief should be dismissed because they are not cognizable in habeas proceedings.

22

B.    *Evidentiary hearing*

The habeas corpus statute authorizes an evidentiary hearing in limited circumstances when the factual basis of a claim has not been adequately developed in state court proceedings. 28 U.S.C. § 2254(e)(2). There is no need for an evidentiary hearing in the instant case. All of O'Neal's claims involve legal issues which can be independently resolved without additional factual inquiry.

C.    *Exhaustion of state remedies*

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir. 1991). If any state procedures for relief remain available, the petitioner has not exhausted state remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

A petitioner must fairly present any claims to the state courts in a constitutional context properly to exhaust state remedies. *Anderson v. Harless*, 489 U.S. 4 (1982); *Picard v. Connor*, 404 U.S. 270 (1971); *Shoultes v. Laidlaw*, 886 F.2d 114, 117 (6th Cir. 1989). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard*, 404 U.S. at 275; *see also Harris v. Reeves*, 794 F.2d 1168. 1174 (6th Cir. 1986). The exhaustion requirement is properly satisfied when the highest court in the state in which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir. 1990).

The requirement that petitioners exhaust state remedies is a matter of comity

23

between the federal government and the states.  *Rose v. Lundy*, 455 U.S. 509, 518

(1982) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) (other citations omitted).

Because exhaustion is a matter of comity, a petition containing unexhausted claims may

be denied on the merits.  28 U.S.C. § 2254(b)(2).

O'Neal has no state remedies available for the claims he raises in this court.

Because no state remedies remain available to him, O'Neal has exhausted state

remedies for those claims.

*D.      Procedural default*

Reasons of federalism and comity generally bar federal habeas corpus review of

"contentions of federal law . . .  not resolved on the merits in the state proceeding due to

respondent's failure to raise them there as required by state procedure."  *Wainwright v.

Sykes*, 433 U.S. 72, 87 (1977).  When a petitioner

> has defaulted his federal claims in state court pursuant to an independent and
> adequate state procedural rule, federal habeas review of the claims is barred
> unless the prisoner can demonstrate cause for the default and actual prejudice
> as a result of the alleged violation of federal law, or demonstrate that failure to
> consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  Procedural default occurs when a

petitioner fails to present fairly to the highest state court his claims in a federal

constitutional context.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v.

Harless*,  459 U.S. 4 (1982).

If the state argues that a petitioner has procedurally defaulted his claims, the

court must conduct a four-step analysis to determine whether the petitioner has indeed

defaulted and, if so, whether the procedural default may be excused:

First, the court must determine that there is a state procedural rule that is

applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction.  . . . Third, the court must decide whether the state procedural forfeiture is an  "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).  A default will also be excused if petitioner demonstrates that not excusing the default "will result in a fundamental miscarriage of justice."  *Coleman*, 501 U.S. at 750.

Respondent argues that O'Neal has defaulted his first and second grounds for relief.  The court shall examine each of these claims in turn.

Respondent is correct that O'Neal has defaulted his first ground for relief.  That ground for relief contends that O'Neal's protection against double jeopardy and his rights to due process and equal protection were violated when the court journalized a sentence differing from and greater than the sentence handed down in open court, allowed the state to benefit from that error when it was responsible for the error, and failed to construe a contradictory sentence in a manner favorable to O'Neal.  The only time that O'Neal raised these claims in state court was when he argued in his application to reopen his direct appeal that appellate counsel was ineffective for failing to raise these claims.  This raises only the issue of ineffective assistance of appellate counsel and is not sufficient to fairly present the underlying substantive claim to a state court.  *See Goff v. Bagley*, 601 F.3d 445, 472 (6th Cir. 2010).  As O'Neal has not fairly

presented these claims to the state courts, they are procedurally defaulted.

Respondent errs, however, in asserting that O'Neal has defaulted his claim of ineffective assistance of appellate counsel in his second ground for relief.  The state appellate court based its rejection of O'Neal's claim of ineffective assistance of counsel on an unreasonable factual determination and, apparently, a state procedural rule that did not exist.  In initially rejecting O'Neal's application to reopen pursuant to R. 26(B), the state appellate court gave the following as its reason for rejecting O'Neal's application:  ""[A] motion for reopening must be 'based on a claim of ineffective assistance of appellate counsel.'  App.R. 26(B)(1).  O'Neal has not argued that appellate counsel was ineffective; only that trial counsel erred."  Journal Entry, August 6, 2008; Answer; Exh. 35, p. 2 (punctuation in the original).  Upon reconsideration, after O'Neal pointed out that he *had* asserted ineffective assistance of appellate counsel,[3] the

---

[3]  O'Neal's motion to reconsider stated the following:

Defendant-Appellant would direct the Court's attention to page 3 of the application, 2nd paragraph, which states:

Defendant-Appellant now applies to reopen the appeal, pursuant to App. R. 26(B), as counsel's assistance was ineffective.

and page 4, 5th paragraph:

Appellant submits that the exclusion of the following proposed assignments of error, which are apparent from the record, prejudiced the appeal and sufficiently demonstrates ineffective *assistance of counsel on appeal*, warranting the reopening of the instant appeal.  (emphasis added)

Clearly, establishing the basis of the claim that, counsel's failure to raise significant and obvious issues, which have resulted in due process violations, as set forth in the proposed assignments of error required by App. R. 26(B)(2)(c), demonstrates counsel's ineffective assistance, as well as being prejudicial to the appeal.

state appellate court altered its justification slightly:  "Appellant's application for reopening was not considered on the merits . . . because Appellant assigned error to the trial court in his *captioned* assignments of error."    Journal Entry, September 6, 2008; Answer; Exh. 37, p. 1 (emphasis added).  The state appellate court cited no cite procedural rule requiring that the entirety of an appellant's assigned error in an application pursuant to R. 26(B) must be contained in captioned assignments of error, and the provisions of R. 26(B) contain no such requirement.

The state appellate court's factual determination that O'Neal failed to argue ineffective assistance of appellate counsel was objectively unreasonable.  O'Neal's application summarized the legal framework for adjudicating a claim of ineffective assistance of counsel and asserted that appellate counsel had been ineffective for failing to raise two claims:  (1) that the trial court violated O'Neal's right to due process when it announced in court that his terms for felonious assault and kidnaping were to be served concurrently and then entered judgment that they were to be served consecutively and (2) that the trial court violated O'Neal's right to due process when it imposed consecutive terms when O'Neal was not present.  The plain meaning of O'Neal's application to re-open contradicts the appellate court's finding that O'Neal failed to raise a claim of ineffective assistance of appellate counsel.

---

Application for Reconsideration, Answer, Exh. 36, pp. 2-3 (punctuation altered from the original).  O'Neal also directed the appellate court's attention to another paragraph in his application to reopen that indicated that his overall claim was ineffective assistance of appellate counsel and directed its attention to his affidavit, which averred the same claim of ineffective assistance.  He also stated that the appellate court mistakenly assumed that his captioned claims were the basis for his motion to reopen, rather than examples of the claims that counsel failed to raise on appeal.  *Id.* at 3.

27

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), 28 U.S.C. § 2254 ("§ 2254") generally requires federal habeas courts to defer to the decisions of state courts.  Subsection 2254(e).  However, "[b]ecause AEDPA, read properly, is a limitation on the otherwise broad equitable power of federal courts to grant writs of habeas corpus, and is not itself an affirmative grant of authority, the deference AEDPA demands is only as strong as the limitations it imposes."  *Rice v. White*, 660 F.3d 242, 251 (6th Cir. 2011).  A relevant exception to the AEDPA's rule of deference is that a federal habeas court need not defer to the decisions of a state court if the court reached "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  Subsection 2254(d)(2).  As the state appellate court's factual determination that O'Neal asserted claims of ineffective assistance of trial counsel as grounds for reopening, rather than ineffective assistance of appellate counsel, was objectively unreasonable, this court need not defer to that determination.  For this court's purposes, O'Neal did not default his claim of ineffective assistance of appellate counsel.

In addition, the state appellate court's alternative explanation for dismissing for dismissing O'Neal's application to reopen, *viz.* that he failed to raise that claim in its entirety in the caption, is not an adequate and independent state procedural ground sufficient to foreclose habeas review.  No such procedural rule exists, and the state court does not cite such a rule.  As the appellate court's alternative explanation for dismissing O'Neal's application to reopen is insufficient to foreclose habeas review, this court will review the merits of O'Neal's claim of ineffective assistance of counsel.

For the reasons given above, O'Neal's first ground for relief should be dismissed

28

as procedurally defaulted, but his second ground for relief should be reviewed on the merits.

III.

The AEDPA altered the standard of review that a federal court must apply when deciding whether to grant a writ of habeas corpus.  As amended, 28 U.S.C. § 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A writ of habeas corpus may issue only if the state court's decision is contrary to clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence.  *Carey v. Musladin*, 549 U.S. 70, 74 (2006); *Williams v. Taylor*, 529 U.S. 362, 379-90 (2000).  Law is "clearly established" only by holdings of the Supreme Court, not its dicta, and the law must be clearly established at the time of the petitioner's conviction.  *Carey*, 549 U.S. at 74.

Courts must give independent meaning to the phrases "contrary to" and "unreasonable application of" in § 2254(d)(1):

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court.  Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) "*contrary to* . . . clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "*involved an unreasonable application of* . . . clearly established Federal law, as determined by the Supreme Court of the United States."

29

*Williams*, 529 U.S. at 404-05 (emphasis added by the quoting court).  A decision is "contrary to" clearly established federal law if it reaches a conclusion opposite to that reached by Supreme Court holdings on a question of law or if it faces a set of facts materially indistinguishable from relevant Supreme Court precedent and still arrives at an opposite result.  *Id.* at 405-06.  "A state-court decision will certainly be contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases."  *Id.* at 405.  A decision involves an unreasonable application of federal law only if the deciding court correctly identifies the legal principle at issue and unreasonably applies it to the facts of the case at hand.  *Doan v. Brigano*, 237 F.3d 722, 729-31 (6th Cir. 2001).  The court will examine O'Neal's remaining ground for relief, ineffective assistance of appellate counsel, using the deferential standard applied to state court rulings on the petitioner's claims.

Defendants have a right to appointed counsel for the first appeal of right.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  The standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), is applicable to claims of ineffective assistance of appellate counsel.  *See Bowen v. Foltz*, 763 F.2d 191, 194 n.4 (6th Cir. 1985).

A claim of ineffective assistance of counsel has two components.  First, a petitioner must show that counsel's representation fell below an objective standard of reasonableness," as judged by "prevailing professional norms."  *Strickland*, 466 U.S. 687-88.  Scrutiny of counsel's performance is highly deferential and a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland*, 466 U.S. at 689 (quoting *Michel v.*

30

*Louisiana*, 350 U.S. 91, 101 (1955)). In the appellate context, tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). Second, the petitioner must show that the deficient performance prejudiced the petitioner. A reviewing court must ask itself "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Strickland*, 466 U.S. at 695.

In the present case, the state appellate court made a factual finding relevant to O'Neal's claim of ineffective assistance of appellate counsel claim in adjudicating a related issue. On January 15, 2012, O'Neal appealed the trial court's denial of a motion to correct a clerical error pursuant to Ohio Crim. R. 36(A). The assignment of error asserted in the appellate court was the following:

> The trial court erred in not correcting a clerical error, apparent from the record, that erroneously recorded the terms of a sentence were to be served consecutively and not concurrently as ordered by the trial court at the June 9, 2006 resentencing hearing in Case No. 04CR0547, as authorized under Crim.R. 36(A). The trial court's failure to correct the error has violated the defendant's constitutional rights under both the United States and Ohio Constitutions to due process, equal protection of the law, and the protection against double jeopardy.

This assignment of error, hinging primarily on a question of Ohio criminal procedure, addresses the substantive issues underlying O'Neal's claim of ineffective assistance of counsel raised both in his R. 26(B) application and in his first ground for habeas relief.

In adjudicating the assignment of error described above, the state appellate court wrote as follows:

> With respect to O'Neal's argument regarding clerical error, we note that the total sentence reflected in the trial court's April 4, 2007 sentencing entry accurately reflected the total sentence imposed by the trial court at the June 9, 2006 sentencing hearing. In its April 4, 2007 sentencing entry, the trial court imposed a seven-year prison term on the felonious assault charge that was to be

31

served consecutively to the three-year prison term for the attendant firearm specification. The trial court also imposed a three-year prison term on the kidnapping charge which it ordered to run consecutively to the sentences for felonious assault and the gun specification, for a total prison term of thirteen years. This was consistent with the total sentence articulated by the trial court at the sentencing hearing, where it specifically informed O'Neal that he was "looking at thirteen years." The confusion in this matter arises from the fact that the trial court mistakenly stated at the sentencing hearing that the prison terms for kidnapping and felonious assault would be served concurrently, while the total length of the sentence clearly indicates the trial court intended to run those sentences consecutively. Because the sentencing entry itself does not contain a clerical mistake or error, the trial court properly denied O'Neal's motion to correct a clerical error in the judgment entry. To the extent that O'Neal has identified a misstatement by the judge at the sentencing hearing, any error is harmless, as it did not impact the length of his sentence.

Decision and Journal Entry, December 5, 2012, Answer, Exh. 115, p. 5.

O'Neal's response to the state appellate court's finding of harmless error is that the state appellate court erred in interpreting and applying Ohio law. The interpretation of Ohio law, however, is the exclusive province of Ohio's courts. Federal courts will not overturn a state court's interpretation of state law unless that interpretation unequivocally contradicts the plain meaning of the law. *See discussion at Jenkins v. Dailey*, 2009 WL 3232075, at *3-*5 (6th Cir. October 8, 2009). O'Neal makes no such showing. Consequently, this court should defer to the state appellate court's determination that the trial court's errors in sentencing O'Neal were harmless.

O'Neal does not demonstrate either representation below an objective standard of reasonableness or prejudice resulting from the allegedly ineffective assistance. The state appellate court found that the sentence imposed on O'Neal at the sentencing hearing was for consecutive prison terms and that the trial court mis-spoke in stating that the sentences were to run concurrently. Thus, O'Neal was sentenced to consecutive sentences when he was at the sentencing hearing, despite the trial court's

misstatement.  Appellate counsel was not unreasonable for failing to assert that O'Neal was sentenced to consecutive terms while he was not present because such a claim would have been factually incorrect.  Appellate counsel was also not unreasonable for failing to raise the trial court's misstatement as an issue because that error was harmless.  Moreover, because any trial court error was harmless, O'Neal does not demonstrate that he was prejudiced by appellate counsel's performance.

O'Neal fails to satisfy either prong of the *Strickland* test for ineffective assistance of appellate counsel.  He does not demonstrate either representation below an objective standard of reasonableness or prejudice resulting from the allegedly ineffective assistance.  Consequently, his second ground for relief should be dismissed as without merit.

IV.

For the reasons given above, O'Neal's grounds for relief should be dismissed for the following reasons:  (1) ground one as procedurally defaulted; (2) ground two as without merit; and (3) grounds three through five as not cognizable in habeas proceedings.  As all his grounds for relief should be dismissed, his habeas petition should be denied.

Date:  May 6, 2013                          */s/ Nancy A. Vecchiarelli*
                                            United States Magistrate Judge

**OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.**

33

*See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**.  *See also Thomas v. Arn*, **474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111**.