**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM B. O'NEAL , ) | CASE NO. 1:12CV2580 |
| ) | |
| Petitioner, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| Vs. ) | |
| ) | |
| BENNIE KELLY, Warden, ) | MEMORANDUM OF OPINION |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

    This matter comes before the Court on Petitioner William B. O' Neal's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1).  For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and denies Petitioner's Petition.

## **FACTS**

    The following is a factual synopsis of Petitioner's claims.  The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

Petitioner was indicted by the Court of Common Pleas of Medina County on two counts of Attempted Murder, three counts of Kidnaping, one count of Felonious Assault, one count of Carrying a Concealed Weapon, one count of Illegal Possession of a Firearm in a Liquor Permit Premises, and eight Firearm Specifications. On May 17, 2005, Petitioner pleaded guilty to three counts of Kidnaping, each with a Firearm Specification; two counts of Felonious Assault, each with a Firearm Specification; one count of Carrying a Concealed Weapon; and one court of Illegal Possession of a Firearm in a Liquor Permit Premises, with a Firearm Specification.

Petitioner was sentenced on July 19, 2005. The court merged the two counts of Kidnaping and merged the two counts of Felonious Assault. The court then sentenced Petitioner to three years for Kidnaping, ten years for Felonious Assault, three years for the Firearm Specification attached to the count of Felonious Assault, one year for Carrying a Concealed Weapon, and one year for Illegal Possession of a Firearm in a Liquor Premises. The trial court ordered the sentences for Kidnaping, Felonious Assault, and the Firearm Specification to run consecutively to one another. The court also ordered the remaining sentences to run concurrently with one another and concurrently with the consecutive sentences for a total incarceration of thirteen years.

Petitioner timely appealed his sentence, challenging the trial court's imposition of consecutive prison terms totaling thirteen years. On April 19, 2006, the Court of Appeals sustained Petitioner's assignment of error and remanded the case to the trial court for re-sentencing in accordance with *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006). The trial court held a re-sentencing hearing, and sentenced Petitioner to the same sentence. Petitioner appealed his re-sentencing. The Court of Appeals found that because

2

the trial court had failed to include a finding of Petitioner's guilt in the judgment entry, the trial court had failed to issue a final, appealable order. The Court of Appeals dismissed the appeal for lack of subject matter jurisdiction and urged the trial court to issue a proper judgment entry. The trial court entered a proper judgment entry *nunc pro tunc*, again imposing the sentence it had imposed in its previous judgment entry.

Petitioner timely appealed the *nunc pro tunc* judgment entry. On March 24, 2008, the Court of Appeals affirmed the judgment of the trial court. Petitioner filed two Memoranda in Support of Jurisdiction in the Ohio Supreme Court, one appealing the Court of Appeals' dismissal for lack of jurisdiction, and the other appealing the affirmation of the trial court's *nunc pro tunc* sentence. The Ohio Supreme Court declined jurisdiction on September 10, 2008.

On June 11, 2008, Petitioner filed an Application to Reopen his direct appeal pursuant to Ohio App. R. 26(B). On August 6, 2008, the Court of Appeals denied Petitioner's Application. Petitioner appealed the decision to the Ohio Supreme Court. On December 3, 2008, the Ohio Supreme Court dismissed Petitioner's Appeal as not involving any substantial constitutional question.

While Petitioner's appeals were pending, he filed several post-conviction motions in the trial court. After the motions were denied, Petitioner then appealed to the Court of Appeals and the Ohio Supreme Court. The courts denied all of his appeals, except for the appeal of his Motion to Invalidate his sentence. On May 13, 2010, The Court of Appeals found that the trial court's *nunc pro tunc* sentencing of Petitioner erred in the term of Post-Release Control imposed. The court, therefore, sustained Petitioner's assignment of error and remanded the case to the trial court for re-sentencing with respect to the term of

3

Post-Release Control.

From April 13, 2010, until March 14, 2012, Petitioner filed additional Motions to Vacate and to Withdraw Guilty Plea in the trial court. At a re-sentencing hearing on November 29, 2010, the trial court re-sentenced Petitioner to the same sentence of thirteen years he had received previously, and imposed the correct term of Post-Release Control. Petitioner appealed the re-sentencing, and the Court of Appeals overruled the assignments of error, noting the case was remanded solely to impose Post-Release Control, and reinstated the previous sentence.

On March 14, 2012, Petitioner filed a Motion in the trial court to correct a clerical error in the judgment of sentence. Petitioner asserts that when the trial court mis-spoke, and stated at the re-sentencing that the prison terms would be served concurrently, the original sentence of consecutive terms, totaling thirteen years, was a clerical error that the court should have corrected. The trial court dismissed this Motion. Petitioner timely appealed the trial court's denial of the Motion. On December 5, 2012, Petitioner's final state court appeal was overruled, and the Court of Appeals affirmed the judgment of the trial court.

On July 28, 2009, while his state appeals of his various motions were still pending, Petitioner filed in this Court a Petition for a Federal Writ of Habeas Corpus raising nine Grounds for Relief. On October 19, 2009, Petitioner amended his Petition to add four additional Grounds for Relief. On October 27, 2009, Petitioner moved for a stay of his habeas proceedings to exhaust those claims that were still pending in state court. Petitioner's Motion was denied, and Petitioner moved to withdraw his Petition on February 11, 2010. The Motion was granted.

4

Petitioner filed the instant Petition on October 16, 2012, asserting the following grounds for relief:

> **GROUND ONE:** Trial court erred and petitioner was prejudiced when the court:
> (1) journalized a sentence, other than the sentence handed down in open court;
> (2) modified and effectively increased, by judgment entry, the sentence handed down in open court absent petitioner's presence;
> (3) modified and effectively increased, by judgment entry, the sentence handed down in open court after petitioner had begun serving the sentence;
> (4) allowed the State of Ohio to unjustly and unfairly benefit from a failure to properly record the sentence handed down in open court for the record when the state was solely responsible for said error;
> (5) failed to construe the inconsistency, in the judgment of sentence, that differs from the trial court's oral pronouncement, most favorably to the petitioner;
>
> in violation of petitioner's constitutional protection from double jeopardy, due process and equal protection of the law, under the United States and Ohio Constitutions.
>
> **GROUND TWO:** Appellate counsel was ineffective, on Appeal No. 07CA0050-M, when he failed to raise, as assignment of error that:
> The trial court erred when it journalized a sentence, of consecutive terms that was not the sentence handed down in open court of concurrent terms, resulting in the following prejudice to the Petitioner:
> (1) journalized a sentence, other than the sentence handed down in open court;
> (2) modified and effectively increased, by judgment entry, the sentence handed down in open court absent petitioner's presence;
> (3) modified and effectively increased, by judgment entry, the sentence handed down in open court after petitioner had begun serving the sentence;
> (4) allowed the State of Ohio to unjustly and unfairly benefit from a failure to properly record the sentence handed down in open court for the record when the state was solely responsible for said error;
> (5) failed to construe the inconsistency, in the judgment of sentence, that differs from the trial court's oral pronouncement, most favorably to the petitioner;
>
> in violation of petitioner's constitutional protection from double jeopardy, due process and equal protection of the law, under the United States and Ohio Constitutions.
>
> **GROUND THREE:** Appellate court erred in dismissing petitioner's application to

reopen based upon the following alleged non-compliance with Ohio Appellate Rule of Procedure 26(B):
> (1) "a motion for reopening must be based on a claim of ineffective assistance of appellate counsel";
> (2) "not arguing that appellate counsel was ineffective, only that the trial court erred"; and
> (3) "a claim of trial error is not a proper basis for an application for reopening",

in violation of Petitioner's constitutional right to effective assistance of counsel, due process and equal protection of the law, under the United States and Ohio Constitutions.

**GROUND FOUR:** Appellate court erred in dismissing petitioner's application to reopen based upon an enlargement of a procedural rule, where said enlargement had never been firmly established and regularly or consistently followed and was therefore not adequate.

**GROUND FIVE:** Appellate court erred in dismissing petitioner's application to reopen where a fair reading of the application and obvious legal conclusions from that reading, clearly shows the substance of the claim of ineffective assistance of appellate counsel for a failure to raise the proposed assignments of error of the trial court on appeal and compliance with the rules of procedure.

On October 30, 2012, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation. The Magistrate Judge issued her Report and Recommendation on May 6, 2013. On May 13, 2013, Petitioner filed Objections to Magistrate's Report and Recommendation.

## **STANDARD OF REVIEW**

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the

6

Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

Respondent contends that Petitioner's Third through Fifth Grounds are not cognizable by a habeas court because they allege constitutional errors in state post-conviction proceedings. The Magistrate Judge recommends that Grounds Three, Four and Five be dismissed because they are outside the scope of federal habeas review. The Court agrees. It is well-settled law in the Sixth Circuit that errors in post-conviction proceedings are outside the scope of federal habeas review. *See Cress v. Palmer*, 484 F.3d 844, 853 (6th Cir. 2007); *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir.1986). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional

function of the writ is to secure release from illegal custody.'" *Cress* , 484 F.3d at 853 (quoting *Kirby*, 794 F.2d at 246). A finding of constitutional error in state collateral proceedings would not provide habeas relief because it would not result in the petitioner's release, a reduction in time served, or in any way affect his detention. *Cress*, 484 F.3d at 853 (citing *Kirby*, 794 F.2d at 247).

Petitioner's Grounds for Relief Three, Four and Five present no federal issue but simply challenge the correctness of a state judicial proceeding. In his Objection to Magistrate's Report and Recommendation, Petitioner states no objection to the Magistrate Judge's conclusion. Therefore, Grounds Three, Four and Five are dismissed as not cognizable in habeas proceedings.

In Ground One, Petitioner contends that his protection against double jeopardy and his rights to due process and equal protection were violated when the court journalized a sentence differing from, and greater than, the sentence handed down in open court, allowed the state to benefit from that error when it was responsible for the error, and failed to construe a contradictory sentence in a manner favorable to Petitioner. Respondent asserts that Petitioner defaulted this ground for relief. Procedural default occurs when a petitioner fails to present fairly to the highest state court his claims in a federal constitutional context. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Anderson v. Harless*, 459 U.S. 4 (1982).

The Magistrate Judge conducted a thorough four-step analysis to determine whether Petitioner has defaulted Ground One:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually

> enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim. . . . This question generally will involve an examination of the legitimate state interests behind the procedural rule in light of the federal interest in considering federal claims. . . . [Fourth, if] the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate . . . that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986).

The Magistrate Judge correctly determined that Petitioner defaulted, and the procedural default could not be excused. The Court agrees that the only time that Petitioner raised the claims asserted in Ground One in state court was when he argued in his Application to Reopen his direct appeal that appellate counsel was ineffective for failing to raise these claims. This raises only the issue of ineffective assistance of appellate counsel and is not sufficient to fairly present the underlying substantive claim to a state court. *See Goff v. Bagley*, 601 F.3d 445, 472 (6th Cir. 2010). The Court finds that Petitioner has not fairly presented these claims to the state courts, therefore Ground One is procedurally defaulted.

In Ground Two, Petitioner asserts that counsel was ineffective on appeal when failing to raise the issue of whether the sentence was to be concurrent rather than consecutive. Although Respondent contends that Petitioner defaulted this claim, the Magistrate Judge correctly determined that the Court of Appeals' factual determination that Petitioner failed to argue ineffective assistance of appellate counsel was objectively unreasonable, and thus Petitioner did not default this claim. In his Application to Reopen, Petitioner did assert ineffective assistance of appellate counsel. The Court

9

agrees with the Magistrate Judge's determination that the plain meaning of Petitioner's Application to re-open contradicts the Court of Appeals finding that Petitioner failed to raise a claim of ineffective assistance of appellate counsel.  Therefore, Ground Two is reviewed on the merits.

The standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), is applicable to claims of ineffective assistance of appellate counsel.  *See Bowen v. Foltz*, 763 F.2d 191, 194 n.4 (6th Cir. 1985).  A claim of ineffective assistance of counsel has two components.  First, a petitioner must show that counsel's representation fell below an objective standard of reasonableness," as judged by "prevailing professional norms." *Strickland*, 466 U.S. 687-88.  Second, the petitioner must show that the deficient performance prejudiced the petitioner.  A reviewing court must ask itself "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  *Strickland*, 466 U.S. at 695.

In the instant case, Petitioner contends that appellate counsel was ineffective for failing to assert that Petitioner was sentenced to consecutive terms while not present. The Magistrate Judge correctly points out that such a claim is factually incorrect. Petitioner's claim refers to the trial court mis-stating the terms of the sentence.  The Court of Appeals addressed the issue as follows:

> With respect to O'Neal's argument regarding clerical error, we note that the total sentence reflected in the trial court's April 4, 2007 sentencing entry accurately reflected the total sentence imposed by the trial court at the June 9, 2006 sentencing hearing. In its April 4, 2007 sentencing entry, the trial court imposed a seven-year prison term on the felonious assault charge that was to be served consecutively to the three-year prison term for the attendant firearm specification. The trial court also imposed a three-year prison term on the kidnapping charge which it ordered to run consecutively to the sentences for felonious assault and the gun specification, for a total prison term of thirteen

> years. This was consistent with the total sentence articulated by the trial court at the sentencing hearing, where it specifically informed O'Neal that he was "looking at thirteen years." The confusion in this matter arises from the fact that the trial court mistakenly stated at the sentencing hearing that the prison terms for kidnapping and felonious assault would be served concurrently, while the total length of the sentence clearly indicates the trial court intended to run those sentences consecutively. Because the sentencing entry itself does not contain a clerical mistake or error, the trial court properly denied O'Neal's motion to correct a clerical error in the judgment entry. To the extent that O'Neal has identified a misstatement by the judge at the sentencing hearing, any error is harmless, as it did not impact the length of his sentence.

Decision and Journal Entry, December 5, 2012, Answer, Exh. 115, p. 5.

The Court agrees that appellate counsel was not unreasonable for failing to raise the trial court's misstatement as an issue, because that error was harmless.  In his Objections to Magistrate's Report and Recommendation, Petitioner states that the sentence was ambiguous.  The record shows that the trial court's intent was clear. Although Petitioner claims the Court of Appeals erred in interpreting and applying Ohio Law, the interpretation of Ohio law is the exclusive province of Ohio's courts.  The Magistrate Judge correctly points out that federal courts will not overturn a state court's interpretation of state law unless that interpretation unequivocally contradicts the plain meaning of the law. *See discussion at Jenkins v. Dailey*, 2009 WL 3232075, at *3-*5 (6th Cir. October 8, 2009).

The Court finds that because any trial court error was harmless, Petitioner does not demonstrate that he was prejudiced by appellate counsel's performance.  Therefore, Ground Two is without merit and dismissed.

For the foregoing reasons, the Court finds the Magistrate Judge's Report and Recommendation accurately and thoroughly addresses Petitioner's arguments. Therefore, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned

Report and Recommendation, and denies Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:6/4/2013

s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge